### GRAY *v.* DE CASTRO *et al.*

(*Supreme Court, Special Term, New York County.* August 19, 1889.)

INJUNCTION—WHEN GRANTED—TRUSTEES.

The receiver of the property of the combination known as the "Sugar Trust" moved for an injunction, alleging that the trustees were about to convey or dispose of the trust property. This allegation was unequivocally denied by the trustees. *Held,* in view of the pecuniary responsibility of the trustees, and of the fact that an appeal is pending from the decision declaring the trust unlawful, which appeal will probably be decided shortly, the receiver's motion would be denied, with leave, however, to renew his motion on ascertaining additional facts showing an intent by the trustees to convey the property, or on affirmance of the decision appealed from.

At chambers. On motion for an injunction.

After the decision in *People* v. *Refining Co.*, 3 N. Y. Supp. 401, declaring the combination known as the "Sugar Trust" to be unlawful, and forfeiting the charter of defendant corporation, a member of the trust, Henry Winthrop Gray, was appointed receiver of the trust property. He now moves to continue a preliminary injunction, on the ground that the trustees, De Castro and others, are about to convey or dispose of the trust property.

*De Lancey Nicoll,* for plaintiff.    *John E. Parsons,* for defendants.

INGRAHAM, J. Since this motion was argued I have come to the conclusion that the interests of the parties require an immediate decision, and in consequence of the limited time at my disposal I will simply state the conclusions at which I have arrived. The defendants have made a strong appeal to the court that, as an appeal has been taken from the judgment in the action against the North River Sugar Refining Company, in which the plaintiff was appointed receiver, and as that appeal will probably be determined within a short period, no injunction should be granted against the defendants until the determination of the appeal. In view of the unequivocal denial of the allegation in the moving papers that the defendants are about to convey or dispose of the property of the copartnership, and of the undoubted responsibility of the defendants, I think this application for an injunction should be postponed until the decision of that appeal.

On the facts presented by the moving papers, and the information that had been communicated to the receiver, it was clearly his duty to present the facts to the court and make this application; but, as the truth of the information upon which the receiver has acted is denied, and as I do not see that any harm can be done by allowing this application to stand over until the decision of the appeal, the motion for injunction will be denied, with leave to the plaintiff to renew the same at any time upon his ascertaining any facts that would indicate an intent by any of the defendants to transfer any of the property held by them under the agreement set up in the complaint, and with leave to renew the application upon the same or additional facts immediately upon the decision of the general term on the appeal from the judgment in the action of *People* v. *Refining Co.*, if the judgment in that action should be affirmed.[1]

[1] For report of this case, see 7 N. Y. Supp. 406.